IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EMILY GRAMZA, : | |
| 1119 Hunting Creek Drive | |
| Perrysburg, Ohio 43551 : | CASE NO. 2:23-cv-2631 |
| Plaintiff, : | |
| v. : | |
| SHERIFF DALLAS BALDWIN, : | **42 U.S.C. § 1983 Civil Complaint** |
| 373 South High Street | **Jury Demand Endorsed Herein** |
| Columbus, Ohio 43215 : | |
| and : | |
| DEPUTY MICHAEL S. SEVERANCE, : | |
| 373 South High Street | |
| Columbus, Ohio 43215 : | |
| Defendants. : | |

## COMPLAINT

Plaintiff Emily Gramza, by and through undersigned counsel, and for her Complaint against Sheriff Dallas Baldwin and Deputy Michael S. Severance (collectively "Defendants") states as follows:

### NATURE OF ACTION AND JURISDICTION

1. This is a civil action brought under 42 U.S.C. § 1983 seeking damages against Defendants for committing acts, under color of state law, with the intent and purpose of depriving Plaintiff of her rights as guaranteed under the Constitution and laws of the United States and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2. This case arises under the United States Constitution and 42 U.S.C. §§ 1983 and 1988. The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This case also involves claims arising under State law that are so related to Plaintiff's § 1983 claim that they form part of the same case or controversy under Article III of the United States Constitution. The Court has supplemental jurisdiction over those matters pursuant to 28 U.S.C. § 1367.

4. This suit challenges certain actions undertaken by Defendants which caused Plaintiff to be deprived of her constitutional rights.

5. This Court is an appropriate venue for this cause of action under 28 U.S.C. §§ 1391(b)(1) and (b)(2). The actions complained of took place within this judicial district; evidence, employment records, and police reports relevant to the accusations are maintained in this judicial district; and upon information and belief, all Defendants are present and regularly conduct affairs in this judicial district.

## PARTIES

6. Plaintiff Emily Gramza ("Plaintiff") is an individual residing at 1119 Hunting Creek Drive, Perrysburg, Ohio 43551.

7. Dallas Baldwin ("Sheriff Baldwin") is an individual and is sued in his individual capacity. Upon information and belief, Sheriff Baldwin resides in Franklin County, Ohio. Sheriff Baldwin is the Sheriff of Franklin County and, at all times material to the instant matter, was acting within the scope and course of that employment.

8. Michael Severance ("Deputy Severance") is an individual and is sued in his individual capacity. Upon information and belief, Deputy Severance is an employee of the Franklin County Sheriff's Office and was acting within scope and course of that employment at all times relevant to this action.

9. At all times relevant to this Complaint, Defendants acted under color of state law.

10. All relevant conduct set forth in this Complaint took place within Franklin County, Ohio.

## FACTS

11. On November 26, 2022, Plaintiff joined over 112,000 people at The Ohio State University football game against the University of Michigan.

12. At half-time, Plaintiff left her assigned seat and moved to another area in the stadium to meet with her brother and his fiancé. Plaintiff and her future sister-in-law intended to switch seats for the second half of the game.

13. At all times relevant to this action, Plaintiff acted in a peaceful, law-abiding manner.

14. At approximately 2:15 p.m., Plaintiff was approached by an usher and was asked to return to her assigned seat.

15. As Plaintiff was leaving to return to her assigned seating location, she was approached from behind by Deputy Severance.

16. Without making any visual or verbal contact with Plaintiff, Deputy Severance immediately grabbed her from behind and pushed Ms. Gramza to the ground.

17. While forcing Plaintiff to the ground, Deputy Severance advised that she was under arrest and warned her not to resist. He provided no reason for her arrest, nor did any such reason exist.

18. During his assault on Plaintiff, Deputy Severance caused her to suffer injuries to her knees and wrists.

19. Following her arrest, Plaintiff was transported to the Franklin County Corrections Center II, where she was informed that she was being charged with resisting arrest and obstructing official business. She was then subjected to a strip search and the booking process before being released.

20. In addition to the physical injuries caused by Deputy Severance's violent conduct, Plaintiff has suffered significant emotional trauma and mental distress requiring ongoing mental health counseling.

21. Pursuant to the Franklin County Sheriff's Office's policy, an arrest record including Plaintiff's "mugshot" was created and made available to the public, subjecting her to further shame and humiliation.

22. On February 27, 2023, the charges against Plaintiff were dismissed at the request of the Columbus City Attorney's Office.

23. Upon information and belief, the Franklin County Sheriff's Office has a longstanding practice of overlooking or actively ratifying unchecked officer aggression and constitutional deprivations. The Franklin County Sheriff's Office was, at all times relevant to this matter, aware that its customs create an unreasonable risk that individual's constitutional rights will be violated and has adopted a deliberately indifferent attitude to that risk.

24. Upon information and belief, the conduct of Deputy Severance was a direct result of the Franklin County Sheriff's Office's customs, as well as its failure to adequately supervise officers or impose meaningful discipline for constitutional violations.

25. Upon information and belief, the Franklin County Sheriff's Office has overlooked or ratified the conduct of its officers as it relates to Plaintiff's specific assault and arrest.

### COUNT ONE—VIOLATION OF CIVIL RIGHTS UNDER FOURTH AND FOURTEENTH AMENDMENTS (UNREASONABLE SEIZURE AND FORCE) 42 U.S.C. § 1983

26. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 25 of this Complaint.

27. The Fourth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, guaranteed Plaintiff the right to be free from unreasonable seizures of her person.

28. Moreover, the Fourth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, guaranteed Plaintiff the right not to be subjected to excessive force when being stopped or arrested by law enforcement.

29. Defendants were aware, or should have been aware, that Plaintiff had a right to be free from unreasonable seizures, as well as a right not to be subjected to excessive force when being stopped or arrested. Instead, Deputy Severance, as authorized and enabled by the Franklin County Sheriff's Office's policy of deliberate indifference, elected to violently assault Plaintiff from behind, push her to the ground, and conduct an arrest in the absence of probable cause.

30. As a direct and proximate result of the aforementioned acts, Plaintiff suffered actual, physical harm, was prevented from peacefully attending the game, and unlawfully deprived of her liberty.

### COUNT TWO—VIOLATION OF CIVIL RIGHTS UNDER FOURTH AND FOURTEENTH AMENDMENTS (MALICIOUS PROSECUTION) 42 U.S.C. § 1983

31. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 30 of this Complaint.

32. The Fourth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, guaranteed Plaintiff the right to be free from malicious prosecution.

33. Defendants were aware, or should have been aware, that Plaintiff had a right to be free from malicious prosecution. However, Deputy Severance, as authorized and enabled by the Franklin County Sheriff's Office's policy of deliberate indifference, initiated criminal proceedings against Plaintiff in the absence of probable cause. In so doing, Deputy Severance utilized false factual allegations for no other purpose but to maliciously harm and punish Plaintiff.

34. Though the spurious criminal charges against Plaintiff were dismissed at the request of the Columbus City Prosecutor's Office, this relief was only provided after Ms. Gramza suffered a significant deprivation of her liberty, shame and embarrassment, and obtained legal counsel.

## COUNT THREE—STATE LAW CLAIM FOR BATTERY

35. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 34 of this Complaint.

36. By engaging in the foregoing acts, Defendant Severance intentionally and without consent engaged in harmful contact with the Plaintiff. As a direct and proximate result of this harmful contact, Ms. Gramza suffered injuries to her wrists and knees, pain and suffering, and significant mental and emotional anguish.

## COUNT FOUR—VIOLATION OF CIVIL RIGHTS UNDER EIGHTH AND FOURTEENTH AMENDMENTS (FAILURE TO TRAIN/SUPERVISE) 42 U.S.C. § 1983

37. Plaintiff realleges and incorporates herein by reference all allegations set forth in Paragraphs 1 through 36 of this Complaint.

38. Sheriff Baldwin has direct oversight over the operations of the Franklin County Sheriff's Office. Both Sheriff Baldwin and his staff have a duty to adequately train, supervise and discipline their agents and employees in order to protect members of the public, including

Plaintiff, from being unreasonably harmed or otherwise suffering injuries to their constitutional rights.

39. Upon information and belief, Sheriff Baldwin's leadership of the Franklin County Sheriff's Office has fostered a history, custom, propensity, and practice of failing to provide proper training to his employees, employers and/or agents relating to improper arrests, excessive force, and the filing of false criminal complaints in response to any real or perceived challenge to its employees' authority.

40. As a direct result of the foregoing culture of deliberate indifference fostered by Sheriff Baldwin in the Franklin County Sheriff's Office, as well as the insufficient training, supervision, discipline, and oversight of his employees, Plaintiff suffered constitutional deprivations, physical harm, and was subjected to a meritless criminal prosecution.

## PRAYER FOR RELIEF

**WHEREFORE**, in light of the foregoing, Plaintiff demands judgment in her favor against Defendants; that she be awarded those compensatory damages in an amount to be shown at trial; that she be awarded any punitive damages authorized by law; that she be awarded costs and attorneys' fees for this action; and that she be awarded any other legal and equitable relief that this Court deems proper.

Respectfully submitted,

/s/ Samuel H. Shamansky
SAMUEL H. SHAMANSKY CO., L.P.A.

Samuel H. Shamansky (0030772)
Donald L. Regensburger (0086958)
523 South Third Street
Columbus, Ohio 43215
(614) 242-3939 – Phone
(614) 242-3999 – Fax

shamanskyco@gmail.com

Counsel for Plaintiff

**<u>DEMAND FOR JURY TRIAL</u>**

Trial by jury is demanded on all issues so triable.

Respectfully submitted,

<u>/s/ Samuel H. Shamansky</u>
SAMUEL H. SHAMANSKY CO., L.P.A.